UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES WILLIS OSBORNE JR.,

     Plaintiff,

        v.                     CAUSE NO. 3:21-CV-795-JD-MGG

JAIL STAFF, et al.,

     Defendants.

## OPINION AND ORDER

James Willis Osborne, Jr., a prisoner proceeding without a lawyer, was ordered to show cause why he had not paid the initial partial filing fee assessed by the court. (ECF 7.) The docket reflects that he has since paid the initial partial filing fee. (ECF 10.) The court therefore proceeds to screen the amended complaint. (ECF 5.)

Under 28 U.S.C. § 1915A, the court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Osborne is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Osborne is a pretrial detainee at the Miami County Jail. He claims that on October 4, 2021, he was being detained in "block 100" of the jail with a group of inmates. Sergeant Clothier (first name unknown) and Officer Lisa Hunt came to the block and "pulled out" several inmates for COVID-19 tests. After the tests, the inmates returned to block 100. One of the inmates subsequently tested positive for COVID-19. Mr. Osborne complains that this inmate was not immediately removed from the block and quarantined, and instead remained in the block while he was ill. He believes that Sergeant Clothier and Officer Hunt put his "life" and "future" in jeopardy by not removing this inmate from the block. He does not allege that he contracted COVID-19, but requests $500,000 for the stress this caused him, as well as a written apology.

Because Mr. Osborne was a pretrial detainee when this incident occurred, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389,

398 (2015)). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020), *cert. denied*, 142 S. Ct. 69 (2021). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not suffice. *Miranda*, 900 F.3d at 353.

Furthermore, the court must afford substantial deference to prison officials on matters that trigger safety and security concerns, including where best to house inmates within their custody. *Bell*, 441 U.S. at 547 ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). As the Seventh Circuit has explained, "safety and security concerns play a significant role in a correctional administrator's housing decisions: jails and prisons require some degree of flexibility in choosing cell assignments, as they need to ensure, for example, that detainees are assigned to the living quarters corresponding with their security classifications and factoring in particular vulnerabilities that increase security risks." *Mays*, 974 F.3d at 819. "This is especially true at [a jail] where the population fluctuates daily given the number of bookings and releases that take place." *Id.*

Under these standards, Mr. Osborne does not allege a plausible constitutional claim. It can be discerned from his complaint that the jail is taking steps to prevent the spread of COVID-19, including testing detainees for the disease and limiting their movements. It can also be discerned that Mr. Osborne had already been exposed to the

inmate who tested positive before his test results were known. The fact that jail staff chose to keep this inmate in an area with inmates with whom he had already been in contact, rather than moving him to another area of the jail and risking infecting another group of inmates, cannot be considered objectively unreasonable or unrelated to legitimate penological interests. *See Grimes v. Dane Cty. Jail*, No. 21-CV-685-JDP, 2022 WL 136801, at *2 (W.D. Wis. Jan. 14, 2022) (inmate did not state due process claim in connection with jail's COVID-19 quarantine procedures). Indeed, how best to manage the spread of COVID-19 within a correctional facility in light of security concerns is a difficult question, and one on which prison staff are entitled to deference. *Mays*, 794 F.3d at 820-21. At most, Mr. Osborne alleges circumstances approaching negligence, which is not enough to state a federal due process claim. *Miranda*, 900 F.3d at 353–54; *see also Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002) ("[T]he mere failure . . . to choose the best course of action does not amount to a constitutional violation.").

There is also no indication from the complaint that Mr. Osborne actually contracted the disease or suffered other physical injury. Under the Prison Litigation Reform Act, an inmate cannot recover solely for an emotional injury. 42 U.S.C. § 1997e(e) ("no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"). Although this situation understandably caused him concern that he could become ill, that—unfortunately—is a fear currently felt by many individuals, both inside and outside of the correctional setting. *See Coates v. Arndt*, No. 20-C-1344, 2020 WL 6801884, at *2 (E.D. Wisc. Nov. 18,

2020) ("The plain fact is that the country is experiencing a pandemic . . . . People, both inside and outside prisons and jails, are contracting COVID-19[.]").

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow Mr. Osborne an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim in connection with these events, consistent with the allegations he has already made under penalty of perjury.[1] *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **March 3, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on February 3, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The court notes that Mr. Osborne has already been given one opportunity to amend his complaint so that he could use the proper form and sign the complaint in accordance with Federal Rule of Civil Procedure 11. (ECF 4.) In fairness, he will be afforded an additional opportunity to amend now that the court has considered the substance of his allegations.